**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>       Plaintiff,<br><br>   v.<br><br>JESSIE MAE CONSTRUCTION LLC & EDWIN J. PEOPLES,<br><br>       Defendant. | Civil Action No. 2:20-cv-1407 |

**COMPLAINT**

1. Jurisdiction of this action arises under § 502 and § 515 of the Employee Retirement Income Security Act of 1974, as amended (**"ERISA"**), 29 U.S.C. § 1132 and § 1145, and Sections 404(b) and 406 of ERISA, 29 U.S.C. § 1104(b), § 1106 and § 1109, 28 U.S.C. § 1331, and also under § 301 of the Labor-Management Relations Act of 1947 (**"LMRA"**), 29 U.S.C. § 185 in that Jessie Mae Construction LLC (hereinafter, **"Jessie Mae Construction"** or **"Defendant Contractor"**) has failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and its affiliated local unions (hereinafter "**Laborers' Union**"), as well as relevant provisions of several trust agreements incorporated therein.

2. Plaintiff, Laborers' Combined Funds of Western Pennsylvania (hereinafter **"the Funds"** or **"Plaintiff Funds"**), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140. Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds. Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. Plaintiff Laborers' Union, on its own behalf, and on behalf of its local affiliated unions and the Construction Industry Advancement Program of Western Pennsylvania Fund, have designated the Funds as its agent for the collection of monies required to be paid by employers to the Laborers District Council Industry Fund (**"Industry Fund"**) and Dues Deduction Fund (**"Dues Fund"**).

5. Jessie Mae Construction is engaged in the business of operating a construction company, with its principal place of business at 1908 Bedford Avenue, Pittsburgh, PA 15219.

6. Jessie Mae Construction has agreed to abide by a labor agreement (**"Agreement"**) with the Laborers' Union, pursuant to which Jessie Mae Construction was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry, and dues for the benefit of employees covered under such Agreement.

7.      The aforementioned Agreement and the provisions of ERISA require Jessie Mae Construction to pay interest and late charges/liquidated damages if it fails to timely file such reports and/or make such payments.

## COUNT I

### Laborers' Combined Funds of Western Pennsylvania, et al.
### v.
### Jessie Mae Construction LLC

### ERISA Collection Action

8.      The averments contained in paragraphs one (1) through seven (7) are hereby incorporated by reference herein.

9.      In violation of such Agreement, Jessie Mae Construction has failed to make timely payments of principal contributions and wage deductions to the Funds through February 21, 2020, which has resulted in an estimated principal deficiency of $14,433.76.  In addition, interest through February 21, 2020 of $3,726.86, and late charges/liquidated damages of $2,920.75 are due to the Funds, for a total deficiency of $21,081.37.  Interest will continue to accrue after February 21, 2020 at the rate of 1.25% per month.

10.     The Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case.  If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed.  In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

11. The Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

12. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also obligated to pay the Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than one thousand dollars ($1,000.00). Such fees and expenses total $1,417.50 through September 1, 2020. The Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to the Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

13. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

14. The Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Jessie Mae Construction is ordered to specifically perform under the federal statutes and the Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against Defendant Contractor:

    a. a preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets;

    b. For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations through the present;

    c.    for Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant Contractor to the Plaintiff;

    d.    for a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $21,081.37, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit;

    e.    for the Court to retain jurisdiction of the case pending compliance with its orders; and

    f.    for such other and further relief as the Court may deem just.

## COUNT II

**Laborers' Combined Funds of Western Pennsylvania, et al.**
**v.**
**Edwin J. Peoples**

**ERISA Breach of Fiduciary Duty Action**

15.    The averments contained in paragraphs 1 through 15 are hereby incorporated by reference herein.

16.    At all times material hereto, Defendant Edwin J. Peoples (hereinafter, **"Mr. Peoples"**) served as the sole owner and principal of Jessie Mae Construction at 1908 Bedford Avenue, Pittsburgh, PA 15219.

17.    At all times material, Mr. Peoples was responsible for overseeing the collection of all monies payable to Defendant Contractor resulting from the work performed by the laborers employed under the Agreement.

18. At all times material, Mr. Peoples was also responsible for overseeing the submission of monthly remittance reports and fringe benefit contributions to the Funds.

19. At all times material, Mr. Peoples also had check signing authority and the right to make decisions as to what obligations and/or payments of Jessie Mae Construction were to be paid and which ones were not to be paid.

20. At the time such fringe benefit contributions became due and payable by Jessie Mae Construction to the Plaintiff Funds, such monies became assets of the Funds.

21. At all times material, Mr. Peoples was aware of the obligations of Jessie Mae Construction to timely pay fringe benefits to the Funds.

22. At all times material, Mr. Peoples was aware that Jessie Mae Construction failed to timely pay all required fringe benefits to the Funds.

23. Nevertheless, Mr. Peoples prioritized payment of corporate expenses that personally benefitted him over payment to the Funds.

24. Based upon the foregoing, Mr. Peoples constitutes a "fiduciary" under ERISA.

25. Based upon the foregoing, Mr. Peoples violated his duty of loyalty to the beneficiaries of the Funds.

26. Based upon the foregoing, Mr. Peoples also breached his fiduciary duties to the Funds by failing to cause Jessie Mae Construction to pay to the Funds such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, liquidated damages/late charges, attorneys' fees and legal costs owed by Jessie Mae Construction to the Funds.

27. The estimated principal contributions owed to the Funds through June 30, 2020 total $21,081.37. In addition, interest through June 30, 2020 of $3,726.86 is due and late

charges/liquidated damages of $2,920.75 are due to the Funds for a total deficiency of $21,081.37. Interest will continue to accrue after February 21, 2020 at the rate of 1.25% per month.

28.     The Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case.  If it is determined that the Defendant Contractor owes additional principal contributions to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed.  In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

29.     The Funds have demanded from Mr. Peoples payment of all such amounts due, but he has neglected and continues to neglect to pay such amounts.

30.     Pursuant to ERISA, Jessie Mae Construction and Mr. Peoples are also obligated to pay Plaintiff Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency or $1,000.00, whichever is greater.  Such fees and expenses total $1,417.50 through September 1, 2020.  Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to the Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Edwin J. Peoples in the amount of $21,081.37, plus interest from February 21, 2020 at a monthly rate of 1.25%, plus legal costs, plus additional charges and fees.

## COUNT III

### Laborers' Combined Funds of Western Pennsylvania, et al.
### v.
### Edwin J. Peoples

### State Common Law Conversion Action

31. The averments contained in Paragraphs 1 through 31 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

32. Pursuant to the Agreement, Mr. Peoples caused Jessie Mae Construction to withhold monies from its employees' wages for union dues and legislative expenses that were required to be remitted to the Plaintiff Funds.

33. In violation of such Agreement, Jessie Mae Construction failed to remit such wage deductions for union dues and legislative expenses to the Plaintiff Funds.

34. At all times relevant to this action, Mr. Peoples had the authority and the responsibility to remit such employee wage withholdings to the Funds.

35. Mr. Peoples exercised dominion and control over the estimated employee wage withholdings of at least $1,386.07, and authorized and/or permitted such monies to be used to pay other obligations of Jessie Mae Construction and/or Mr. Peoples' personal debts.

36. Based upon the foregoing, Mr. Peoples intentionally converted such monies that were rightfully due and payable to the Funds.

37. The Funds are also entitled to receive interest through June 30, 2020 from Mr. Peoples on such late payments of $1,386.07, plus additional interest from February 21, 2020 at 1.25% per month.

38. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case. If it is determined that Jessie Mae Construction owes additional principal deductions to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendant Edwin J. Peoples in the amount of $1,386.07 plus additional interest from February 21, 2020 and costs of suit.

Date:  9/16/2020

Respectfully submitted,

GOEHRING RUTTER & BOEHM

By:    s/David L. Scherer
Jessica L. Crown, Esquire
Pa. I.D. #205765
David L. Scherer, Esquire
Pa. I.D. #325160
Frick Building
437 Grant Street, 14th Floor
Pittsburgh, PA  15219
Telephone:   (412) 281-0587
Facsimile:   (412) 281-2971
*(Counsel for Plaintiffs)*